Matter of Soleil (2019 NY Slip Op 04175)





Matter of Soleil


2019 NY Slip Op 04175


Decided on May 29, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2018-04713

[*1]In the Matter of Andre Ramon Soleil, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Andre Ramon Soleil, respondent. (Attorney Registration No. 4167748)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 22, 2003.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On November 9, 2018, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service with a notice of petition and a verified petition, both dated October 26, 2018, and duly filed those papers with this Court together with an affidavit of service. The petition contains three charges. Charges one and two allege that the respondent misappropriated client funds in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). Charge three alleges that the respondent failed to cooperate with the Grievance Committee's investigation of four complaints of professional misconduct in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although the motion papers were served by the Grievance Committee, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service upon the respondent on December 7, 2018, he has neither opposed the instant motion nor interposed any response thereto. By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and (5), upon a finding that he is guilty of professional misconduct immediately threatening the public interest. To date, the respondent has failed to submit papers in response to this motion.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated October 26, 2018, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The separate motion seeking to immediately [*2]suspend the respondent from the practice of law is denied as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated October 26, 2018, established is granted, and the Grievance Committee's separate motion to immediately suspend the respondent, Andre Ramon Soleil, from the practice of law is denied as academic; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Andre Ramon Soleil, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Andre Ramon Soleil, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Andre Ramon Soleil, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Andre Ramon Soleil, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court